IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VITO PELINO, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 23-1621 |
| ) | Chief District Judge Mark R. Hornak |
| v. ) | Magistrate Judge Maureen P. Kelly |
| ) | |
| JON LOGAN *CEO SMART* ) | Re: ECF No. 34 |
| *COMMUNICATIONS*; MRS K. LOIS, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## **MEMORANDUM ORDER**

Pending before the Court is a Motion for Sanctions filed by Plaintiff Vito Pelino ("Plaintiff"). ECF No. 34. For the following reasons, the Motion for Sanctions is denied.

Plaintiff presents his motion under Federal Rule of Civil Procedure 11 and asserts that counsel for Defendant Jon Logan, CEO of Smart Communications ("Logan"), caused unnecessary delay in the litigation of this matter because he failed to serve Plaintiff in accordance with the Inmate Mail Policy promulgated by the Pennsylvania Department of Corrections.[1] The policy requires non-privileged inmate mail to be addressed and sent to the inmate through Smart Communications. Privileged mail, as defined by the policy, may be sent directly to the inmate's institution. DC-ADM 803 § 1. Because Logan's counsel failed to use the appropriate non-privileged mail address, Pelino seeks sanctions in the form of an Order disqualifying counsel and an award of "$75 for copying and postage fees." Id.

---

[1] See https://www.cor.pa.gov/About%20Us/Documents/DOC%20Policies/803%20Inmate%20Mail%20and%20Incoming%20Publications.pdf

1

The record reflects that counsel learned that documents filed by him were forwarded to the wrong address when he received Plaintiff's "Judicial Notice" on March 27, 2024. On April 1, 2024, counsel responded to the Notice and explained that copies of Logan's filings were mailed by co-counsel directly to Plaintiff at his address of record and not to the designated institutional address for non-privileged inmate mail. ECF No. 28. Counsel immediately remailed all documents to Plaintiff's non-privileged mail address and stated that the correct address would be used going forward. Id. In Response to the Motion for Sanctions, Logan asserts that under the circumstances presented, and as shown on the docket of this matter, Plaintiff has suffered no prejudice. Id. Logan further asserts that the Motion for Sanctions is premature and cannot be granted because Plaintiff violated Rule 11's safe harbor provision by failing to provide pre-filing notice of the complained of conduct. Id. at 2.

The Court agrees that the Motion for Sanctions should be denied. Before addressing the merits of a party's Rule 11 motion, the Court must determine whether the party complied with the safe harbor provision of Rule 11(c)(2). Under that provision, a party cannot file a motion for sanctions until it first presents the motion to the offending party and allows 21 days for the other party to correct the challenged issue. In re Schaefer Salt Recovery, Inc., 542 F.3d 90, 99 (3d Cir. 2008) (citing Fed. R. Civ. P. 11(c)(2)). "If the twenty-one-day period is not provided, the [Rule 11] motion must be denied." Metro. Life Ins. Co. v. Kalenevitch, 502 F. App'x 123, 125 (3d Cir. 2012) (quoting In re Schaefer, 542 F.3d at 99).

Plaintiff does not establish that he served the Motion for Sanctions upon Logan before filing or that after providing the required notice, he allowed the requisite twenty-one days to permit correction of the complained of issue. The Court may not disregard the plain language of the safe harbor provision of Rule 11(c)(2). Thus, Plaintiff's Motion for Sanctions must be denied.

Further, the Court notes that even if the safe harbor provision had been complied with and notice given, as soon as defense counsel received notice of the error, it was promptly corrected.

Accordingly, this 29th day of May, 2024, upon consideration of the Motion for Sanctions, ECF No. 34, and the Brief in Opposition thereto, ECF No. 39, IT IS HEREBY ORDERED that the motion is DENIED.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely appeal will waive any appellate rights.

BY THE COURT:

/s/ Maureen P. Kelly<br>MAUREEN P. KELLY<br>UNITED STATES MAGISTRATE JUDGE

cc:   The Honorable Mark R. Hornak
      Chief United States District Judge

      VITO A. PELINO
      KP4339
      SCI GREENE
      169 PROGRESS DRIVE
      WAYNESBURG, PA 15370